# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1359V
Filed: October 22, 2019
UNPUBLISHED

| | |
|---|---|
| STEFANIE BENNETT, on behalf of the ESTATE OF SHAWN GESSNER,,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU); Joint Stipulation on Damages and Attorney's Fees; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Daniel A Singer*, Shamberg, Johnson & Bergman, Chtd., Kansas City, MO, for petitioner.
*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Corcoran**, Chief Special Master:

  On September 5, 2018, petitioner filed a petition on behalf of decedent, Shawn Gessner, for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that Mr. Gessner suffered Guillain-Barré syndrome ("GBS") and died following his receipt of an influenza ("flu") vaccination on September 26, 2017. Petition at 1; Stipulation, filed October 17, 2019, at ¶¶ 2, 4. Respondent states that "petitioner is entitled to compensation under the terms of the Vaccine Program for Mr. Gessner's GBS and subsequent death." Stipulation at ¶ 7.

---

[1] I intend to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 17, 2019, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation and attorneys' fees.[3]  I find the stipulation reasonable and adopt it as the decision of the Court in awarding damages and attorney's fees, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **the I award** the following compensation:

- **A lump sum of $451,765.36, consisting of $195,000.00 for pain and suffering, $6,765.36 in past unreimbursed expenses, and the $250,000.00 statutory death benefit, in the form of a check payable to petitioner, Stefanie Bennett, as Special Administrator of the estate of Shawn Gessner.**  Stipulation at ¶ 8.  This amount represents compensation for all items of damages that would be available under § 15(a).  *Id.*; **and**

- **$20,000.00 for petitioner's attorneys' fees and costs, in the form of a check made payable jointly to petitioner and her counsel, Daniel A. Singer**.

I approve the requested amount for petitioner's compensation and attorneys' fees.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                                                        <u>s/Brian H. Corcoran</u>
                                                        Brian H. Corcoran
                                                        Chief Special Master

---

[3] The attached stipulation was filed prior to petitioner's unopposed motion to correct the captioned spelling of her first name.  Respondent filed a status report on October 17, 2019, confirming that the corrected spelling of petitioner's name should be adopted for purposes of entering judgment.  Accordingly, this decision is issued adopting the amendment.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

_____
                                    )
STEPHANIE BENNETT on behalf of      )
the estate of SHAWN GESSNER,        )
                                    )
          Petitioner,             )
                                    )   No. 18-1359V **(ECF)**
v.                                  )   Chief Special Master Dorsey
                                    )
SECRETARY OF HEALTH                 )
AND HUMAN SERVICES,                 )
                                    )
          Respondent.             )
_____)

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Stephanie Bennett ("petitioner"), on behalf of the estate of Shawn Gessner ("Mr. Gessner"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for Mr. Gessner's injuries and death following his receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a).

2. Mr. Gessner received a flu vaccine on September 26, 2017.

3. The vaccine was administered within the United States.

4. Mr. Gessner subsequently sustained the first symptom or manifestation of onset of Guillain-Barré syndrome ("GBS") within the time period set forth in the Table, and later died as a result of his GBS.

5. There is not a preponderance of the evidence demonstrating that Mr. Gessner's

1

GBS and subsequent death were due to a factor unrelated to his September 26, 2017 flu vaccine.

6. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Gessner as a result of his GBS or death.

7. Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Program for Mr. Gessner's GBS and subsequent death. Therefore, a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $451,765.36, consisting of $195,000.00 for pain and suffering, $6,765.36 in past unreimbursed expenses, and the $250,000.00 statutory death benefit, in the form of a check payable to petitioner, Stephanie Bennett, as Special Administrator of the estate of Shawn Gessner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and,

   b. $20,000.00 for petitioner's attorneys' fees and costs, in the form of a check made payable jointly to petitioner and her counsel, Daniel A. Singer of Shamberg, Johnson, & Bergman, Chtd., which amount is not an unreasonable amount to have been incurred for proceedings in this case to date. Respondent's lack of objection to the amount sought in this case should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation-related costs.

9. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq.), or by entities that provide health services on a pre-paid basis.

10.     Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.     Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as Special Administrator of Mr. Gessner's estate under the laws of the State of Kansas.  No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as Special Administrator of Mr. Gessner's estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as Special Administrator of the estate of Shawn Gessner at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as Special Administrator of the estate of Shawn Gessner upon submission of written documentation of such appointment to the Secretary.

12.     In return for the payments described in paragraph 8, petitioner, in her individual capacity and as Special Administrator of the estate of Mr. Gessner, and on behalf of the estate's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the Secretary of Health and Human Services and the United States of America from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. §

300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to, or death of, Mr. Gessner resulting from, or alleged to have resulted from, the influenza vaccine administered on September 26, 2017, as alleged by petitioner in a petition for vaccine compensation filed on or about September 5, 2018, in the United States Court of Federal Claims as petition No. 18-1359V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation, or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. All rights and obligations of petitioner, in her individual capacity as the Special Administrator of the estate of Shawn Gessner, hereunder shall apply equally to petitioner's heirs, executors, administrators, successors and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*[signature: Stefanie Bennett]*

~~STEPHANIE BENNETT~~
STEFANIE BENNETT

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

DANIEL A. SINGER
Shamberg, Johnson, & Bergman, Chtd.
2600 Grand Boulevard, Suite 550
Kansas City, MO 64108
(816) 474-0004

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*
TAMARA OVERBY
Acting Director, Division of Injury
  Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
  and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*

VORIS E. JOHNSON, JR.
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4136

Dated: 10/17/19